LATHAM & WATKINS LLP
Michael H. Rubin (Bar No. 214636)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
415-395-0600
Fax: 415-395-8095
Email: michael.rubin@lw.com

Alexander C.K. Wyman (Bar No. 295339)
355 South Grand Avenue Suite 400
Los Angeles, CA 90071
213-485-1234
Fax: 213-891-8763
Email: alex.wyman@lw.com

Nicholas J. Boyle
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
202-637-2200
Fax: 202-637-2201
Email: nicholas.boyle@lw.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant CoStar Group, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DYWANNA DRUMMER, ANTHONY D'ANTONIO, SCHALISE LEE, CYNTHIA RUBIO, and MARY LEE WALLACE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>COSTAR GROUP, INC.,<br><br>Defendant. | Case No. 5:25-CV-01047-JGB-SP<br><br>**DEFENDANT COSTAR GROUP, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint filed: April 30, 2025 |

Defendant CoStar Group, Inc. ("CoStar") hereby answers Plaintiffs' Complaint as follows:

## NATURE OF THE CASE

1. The allegations in this paragraph are Plaintiffs' characterization of this action and contain legal conclusions to which no response is required. To the extent that this paragraph is deemed to contain allegations to which a response is required, CoStar admits that Plaintiffs purport to bring a class action against CoStar for the alleged violation of California law. CoStar denies the remaining allegations in this paragraph.

2. CoStar admits that it makes available on its websites certain third-party cookies and tracking technology, with the knowledge and agreement of website users. CoStar otherwise denies the allegations in this paragraph.

3. CoStar denies the allegations in this paragraph.

4. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies the allegations in this paragraph.

5. The allegations in this paragraph are Plaintiffs' characterization of this action to which no response is required. To the extent a response is required, CoStar admits that Plaintiffs purport to bring this action to recover statutory and compensatory damages. CoStar denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

6. Whether the Court has jurisdiction over this action is a legal conclusion to which no response is required. To the extent that a response is required, CoStar lacks knowledge sufficient to form a belief as to the truth of either the number of members of the proposed class or the citizenship of the class members. CoStar denies the remaining allegations in this paragraph.

7. Whether the Court has personal jurisdiction over CoStar is a legal conclusion to which no response is required. To the extent any response is

required, CoStar denies that it has eight offices in California; CoStar has seven offices in California, including four within the Central District of California. CoStar denies all remaining allegations in this paragraph.

8. Whether venue properly lies in this District is a legal conclusion to which no response is required. CoStar denies the remaining allegations in this paragraph.

**THE PARTIES**

9. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

10. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

11. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

12. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

13. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

14. CoStar admits that CoStar Group has been publicly traded since 1998. CoStar admits that CoStar Group is incorporated in Delaware and that its corporate headquarters are located at 1201 Wilson Blvd., Arlington, Virginia. CoStar admits that it provides real estate information, analytics, and marketing services to the commercial property industry in North America and Europe. CoStar denies that it

maintains eight offices in California; CoStar has seven offices in California, including four within the Central District of California.

## FACTUAL ALLEGATIONS

**CIPA**

15. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoStar states that the applicable provisions of the California Penal Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, CoStar denies those allegations.

16. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoStar states that the applicable provisions of the California Penal Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, CoStar denies those allegations.

17. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoStar states that the applicable provisions of the California Penal Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, CoStar denies those allegations.

18. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoStar states that the applicable provisions of the California Penal Code speak for themselves. To the extent Plaintiffs' characterizations conflict with or misstate those laws, rules, or regulations, CoStar denies those allegations.

**Defendant's Surreptitious Installation and Use of Third-Party Trackers**

19. CoStar admits that it owns and operates the websites Apartments.com, Homes.com, Loopnet, Land.com, BizBuySell, and Ten-x. CoStar lacks knowledge or information sufficient to admit or deny the allegations in this paragraph

regarding the actions or knowledge of persons or entities other than CoStar. CoStar otherwise denies the allegations in this paragraph.

20. CoStar admits that when someone visits Homes.com or Apartments.com using an internet browser, the browser sends an HTTP request to CoStar's server, and CoStar's server sends an HTTP response. CoStar otherwise lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

21. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. As to footnote 1, CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this footnote and therefore denies those allegations.

22. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. As to footnote 2, CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this footnote and therefore denies those allegations.

23. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. Footnote 3 contains no allegations, and no response is necessary.

24. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

25. CoStar admits that first-party and third-party cookies may be used on CoStar's webpages with the consent of website visitors. These cookies may be capable of third-party features, such as advertising and analytics. CoStar otherwise lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

26. This paragraph contains legal conclusions to which no response is required. Otherwise, CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

27. This paragraph contains legal conclusions to which no response is required. To the extent that a response is required, CoStar denies the allegations in this paragraph.

**<u>TikTok Pixel</u>**

28. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

29. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. Footnotes 4 and 5 contain no allegations, and no response is necessary.

30. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. Footnotes 6 and 7 contain no factual allegations, and no response is necessary.

31. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

32. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding the "_ttp cookie" and therefore denies those allegations. Footnote 8 contains no factual allegations, and no response is necessary. CoStar denies the remaining allegations in this paragraph.

33. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those

allegations.

34. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph relating to the function of the TikTok Pixel and therefore denies those allegations. CoStar denies all remaining allegations in this paragraph.

35. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

36. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. Footnote 9 contains no allegations, and no response is necessary.

37. CoStar lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the actions or knowledge of persons or entities other than CoStar. CoStar further lacks knowledge or information sufficient to admit or deny the allegations in this paragraph regarding the function of the TikTok Pixel. Footnotes 10 and 11 contain no allegations, and no response is necessary. CoStar denies all remaining allegations.

38. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

39. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. Footnotes 12 and 13 contain no allegations, and no response is necessary.

40. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations. Footnote 14 contains no allegations, and no response is necessary.

41. CoStar lacks the knowledge or information sufficient to form a belief

as to the truth of the allegations in Footnote 15 and this paragraph, and therefore denies those allegations.

42. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

**LinkedIn Insight Tag**

43. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

44. Footnotes 16, 17, and 18 contain no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

45. Footnote 19 contains no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

46. Footnotes 20 and 21 contain no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

47. Footnotes 22 and 23 contain no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegation that the "LinkedIn Insight Tag relies on cookies." CoStar denies all remaining allegations.

48. Footnote 24 contains no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

49. Footnote 25 contains no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

50. Footnotes 26, 27, and 28 contain no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

51. Footnotes 29 and 30 contain no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations regarding the function of the LinkedIn Insight Tag and therefore denies those allegations. CoStar denies the remaining allegations in this paragraph.

52. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations regarding the function of the LinkedIn Insight Tag and therefore denies those allegations. CoStar denies the remaining allegations in this paragraph.

53. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations regarding the function of the LinkedIn Insight Tag and therefore denies those allegations. Footnote 31 contains no allegations, and no response is necessary. CoStar denies the remaining allegations in this paragraph.

54. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

55. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

**<u>The Trade Desk/Adsrvr</u>**

56. CoStar lacks the knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph and therefore denies those allegations.

57. Footnote 32 contains no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

58. Footnote 33 contains no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

59. Footnotes 34 and 35 contain no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

60. Footnote 36 contains no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

61. Footnote 37 contains no allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

62. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

63. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

64. Footnote 38 contains no factual allegations, and no response is necessary. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

**<u>Plaintiffs' Experiences</u>**

<u>Plaintiff Dywanna Drummer</u>

65. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

66. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

67. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

68. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Ms. Drummer's actions and therefore denies those allegations. CoStar denies the remaining allegations in this paragraph.

69. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

70. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

71. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

Plaintiff Schalise Lee

72. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

73. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Ms. Lee's actions and therefore denies those allegations. CoStar denies the remaining allegations in this paragraph.

74. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

75. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

76. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

Plaintiff Cynthia Rubio

77. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

78. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

79. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

80. CoStar lacks the knowledge or information sufficient to form a belief

as to the truth of the allegations in this paragraph regarding Ms. Rubio's actions and therefore denies those allegations. CoStar denies the remaining allegations in this paragraph.

81. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

82. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

83. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

Plaintiff Mary Lee Wallace

84. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

85. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

86. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

87. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Ms. Wallace's actions and therefore denies those allegations. CoStar denies the remaining allegations in this paragraph.

88. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those

allegations.

89. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

90. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

<u>Plaintiff Anthony D'Antonio</u>

91. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

92. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

93. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

94. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

95. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Mr. D'Antonio's actions and therefore denies those allegations. CoStar denies the remaining allegations in this paragraph.

96. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

97. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

98. CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

## CLASS ACTION ALLEGATIONS

99. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies the allegations in this paragraph.

100. CoStar admits that Plaintiffs purport to bring this action on behalf of itself and as a class action, and that Plaintiffs set forth a purported class definition, but denies that class treatment of this action or Plaintiffs' class definition is appropriate.

101. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies that class treatment of this action or Plaintiffs' class definition is appropriate.

102. CoStar is without information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' knowledge or beliefs and regarding the number of purported class members, and, on that basis, denies those allegations. The remainder of this paragraph contains legal conclusions that do not require a response. To the extent a response is required, CoStar denies that class treatment of this action or Plaintiffs' class definition is appropriate.

103. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies the allegations in this paragraph.

104. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies the allegations

in this paragraph and denies that class treatment of this action, or Plaintiffs' class definition, is appropriate.

105. CoStar is without information sufficient to form a belief as to the truth of the allegations in this paragraph regarding Plaintiffs' and Plaintiffs' counsels' status or conduct, and, on that basis, denies those allegations. The remainder of this paragraph contains legal conclusions that do not require a response. To the extent a response is required, CoStar denies that class treatment of this action or Plaintiffs' class definition is appropriate.

106. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies that class treatment of this action or Plaintiffs' class definition is appropriate.

107. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies that class treatment of this action or Plaintiffs' class definition is appropriate.

## RESPONSE TO PLAINTIFFS' CAUSES OF ACTION

## COUNT ONE

## VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT

## CAL. PENAL CODE § 638.51

108. No response is required to this paragraph because Plaintiffs are merely reincorporating preceding allegations. To the extent that a response is required, CoStar denies the allegations in this paragraph.

109. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoStar states that the applicable provisions of the California Penal Code speak for themselves.

110. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoStar states that the applicable provisions of the California Penal Code speak for themselves.

111. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, CoStar states that the applicable provisions of the California Penal Code speak for themselves and CoStar disagrees with Plaintiffs' characterizations of the law.

112. CoStar denies the allegations in this paragraph.

113. The allegations in this paragraph are legal conclusions to which no response is required.

114. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies those allegations.

115. No response is required to this paragraph because it states a legal conclusion. To the extent a response is required, CoStar lacks the knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies those allegations.

116. No response is required to this paragraph because it states a legal conclusion. To the extent that a response is required, CoStar denies the allegations in this paragraph.

## PRAYER FOR RELIEF

Except as stated above, CoStar denies each and every allegation in the Complaint. CoStar denies that Plaintiffs are entitled to any relief. CoStar requests that the Court enter judgment in favor of CoStar, and that the Court award CoStar such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiffs' Complaint and each alleged cause of action, CoStar alleges as follows:

**FIRST AFFIRMATIVE DEFENSE**

**(Failure To State A Cause Of Action)**

1. Plaintiffs' Complaint and alleged causes of action, and each of them, fail to set forth facts sufficient to constitute a cause of action against CoStar, including the failure to demonstrate CoStar was the proximate cause of any harm to Plaintiffs.

**SECOND AFFIRMATIVE DEFENSE**

**(Compliance with Applicable Statutes and Regulations)**

2. Plaintiffs' alleged causes of action are barred to the extent that the statutes or laws relied upon are preempted or otherwise invalid, void, unenforceable, and/ or inapplicable to the purported conduct.

**THIRD AFFIRMATIVE DEFENSE**

**(Standing)**

3. Plaintiffs lack standing to assert the claims alleged in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

**(Estoppel/Waiver)**

4. Plaintiffs are barred, in whole or in part, by the doctrines of estoppel and/or waiver. By reason thereof, Plaintiffs are barred, in whole or in part, from recovering damages from CoStar.

**FIFTH AFFIRMATIVE DEFENSE**

**(Proximate Cause)**

5. Plaintiffs are not entitled to any relief because CoStar's conduct did not proximately cause any damages, injury, or loss to Plaintiffs.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

6. Plaintiffs' Complaint is barred because they consented to the purported use and installation of the software at issue.

**SEVENTH AFFIRMATIVE DEFENSE**

**(No Private Right of Action Under the Statute)**

7. Plaintiffs' purported claims are barred because Cal. Penal Code § 638.51 does not enumerate a private right of action.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Failure To Mitigate Damages)**

8. Plaintiffs have failed to exercise reasonable efforts to minimize or avoid any damages that are alleged to have been caused by CoStar. By reason thereof, Plaintiffs are barred, in whole or in part, from recovering damages from CoStar and CoStar's liability to Plaintiffs, if any, should be apportioned, denied, or reduced accordingly.

**NINTH AFFIRMATIVE DEFENSE**

**(Adequate Representatives)**

9. Plaintiffs and their counsel are not adequate representatives of those they purport to represent.

**TENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

10. Because Plaintiffs have engaged in inequitable conduct with respect to certain of the claims asserted in the Complaint and/or with respect to certain of the relief sought under those claims, the doctrine of unclean hands bars or limits those claims and/or bars or limits the relief sought by those claims.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Intervening And Superseding Causes)**

11. Plaintiffs' Complaint, and each cause of action alleged therein, is barred, in whole or in part, because the acts of other individuals and entities other than CoStar constitute the intervening and superseding cause of any damage, loss, or detriment Plaintiffs allegedly suffered.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Class Action Requirements)**

12. The claims against CoStar are barred, in whole or in part, because Plaintiffs have failed to, and cannot, satisfy the requirements for maintenance of a class action, including, but not limited to, the required elements of ascertainability, commonality, typicality, adequacy, predominance, and superiority.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Reservation of Rights)**

13. CoStar states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative, and other defenses. CoStar reserves the right to assert additional affirmative and other defenses in the event that discovery indicates it would be appropriate.

**PRAYER FOR RELIEF**

**WHEREFORE**, CoStar prays for judgment as follows:

1. That Plaintiffs stake nothing by way of their Complaint and that Plaintiffs' Complaint be dismissed with prejudice;
2. That Plaintiffs' request for class certification is denied;
3. That Plaintiffs' request for appointment as class representatives and their counsel as class counsel is denied;
4. That Plaintiffs' request for attorney's fees and costs is denied;
5. That CoStar be awarded their costs of suit, including attorneys' fees incurred herein;
6. That Plaintiffs' request for prejudgment and post-judgment interest on such monetary relief is denied; and
7. That this Court award CoStar such other and further relief as it may deem just and proper.

**JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and Civil L.R. 38-1, CoStar hereby demands a trial by jury.

Dated: November 5, 2025

LATHAM & WATKINS LLP

By: /s/ *Michael H. Rubin*

Michael H. Rubin
Nicholas J. Boyle
Alexander C.K. Wyman

*Attorneys for Defendant CoStar Group, Inc.*